IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| **RUBBERMAID INCORPORATED d/b/a RUBBERMAID MEDICAL SOLUTIONS,**   Plaintiff,  v.  **ERGOTRON, INC.**   Defendant. | **Civil Action No. 3:12-cv-00416-RJC-DSC**  **JURY TRIAL DEMANDED** |

## AGREED ESI ORDER

The Parties are likely to request the production of Electronically-Stored Information ("ESI") from each other. To streamline the production of ESI and to thereby promote the just, speedy, and inexpensive determination of the litigation, as required by Rule 1 of the Federal Rules of Civil Procedure, the Parties have agreed to the terms set forth in the numbered paragraphs below regarding the discovery of ESI. Thus, good cause appearing, it is hereby ORDERED as follows:

1. The parties have agreed to conduct discovery in a cooperative manner. In the event that the parties are unable to agree on the parameters and/or timing of discovery, the following default standards shall apply until further order of the Court or the parties reach agreement.

2. The parties have agreed to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody or control, including a timely implementation of a litigation hold.

3. The parties have agreed to use reasonable, good faith and proportional efforts to preserve, identify and produce relevant information, which includes ESI and paper documents.

To further the application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as practicable.

4. Costs will be shifted for disproportionate ESI production requests pursuant to Rule 26 of the Federal Rules of Civil Procedure. Likewise, a party's non-responsive or dilatory discovery tactics will be cost-shifting considerations.

5. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

6. General ESI production requests under Rules 34 and 45 of the Federal Rules of Civil Procedure shall not include email or other forms of electronic correspondence (collectively, "email"). To obtain email, parties must propound specific email production requests.

7. Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business.

8. Email production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms, and proper timeframe.

9. The parties have been unable to reach an agreement regarding (1) the maximum number of custodians for which each party may request email production and (2) cost shifting associated with email production. The parties agree to meet and confer regarding limits on email custodians and on cost shifting after email production requests have been served and will seek guidance from the Court if necessary.

10. Each requesting party shall limit its email production requests to a total of twenty (20) search terms per party, with no more than ten (10) search terms per custodian. The parties may jointly agree to modify these limits without the Court's leave. The search terms shall be

narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word or the disjunctive combination is intended to refer to a unique object such as a particular patent. Use of narrowing search criteria (*e.g.*, "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should a party serve email production requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

11. The receiving party shall not use ESI that the producing party asserts is attorney-client privileged or work product protected to challenge the privilege or protection.

12. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

13. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

14. The parties have agreed to use their best efforts to follow the terms set forth below regarding, *inter alia*, the format in which documents and ESI will be produced, and the production of metadata.

3

**I.     Production of Data**

   A.     <u>Document Image Format</u>:  Paper documents and electronically stored information that is conducive to being displayed in an image form shall be produced as 300 dpi CCITT Group Four compression black & white single page tiff images.  JPG and GIF image files shall be produced as color images and shall be delivered in either packbit compression tiff or jpeg images.  Additionally, the requesting party may request that a reasonable number of documents (identified by production number) be re-produced in color image format.

   Production images shall be endorsed with a sequential padded alphanumeric bates number (e.g. ABC000001) and appropriate protective declarations.  No spaces or dashes shall appear between the production prefix (ABC) and the padded production number (000001).  Production images shall be named to match the corresponding page bates number endorsement. (e.g. ABC000001.tif).

   Additionally, the requesting party may request that specific documents be subsequently re-produced in native format based on a showing that the native format of the specified documents is relevant to claims or allegations at issue in these proceedings, provided such native file does not contain any privileged information.

   B.     <u>Searchable Text</u>:  The production shall include searchable text files (.txt) for all of the textual production documents.  For documents maintained by the producing party in image or hard copy (paper) form, the producing party shall create searchable text files using Optical Character Recognition ("OCR") technology.  For documents maintained by the party in electronic form, the producing party may opt to either use the extracted text of the "native" file or create searchable text files using OCR technology. The searchable text files should be created on a document level and be named to correspond to the first page bates number of the

4

corresponding document being produced (e.g. ABC000001.txt).  Searchable text files shall be in the same file folder as the associated production images.

      C.      <u>Load Files:</u>  Each production set shall be accompanied by a load file that unitizes the production images into their logical document and document attachment boundaries.

      (a)      Ergotron prefers a Ringtail load file format (.mdb).

A Ringtail load file format requires the following:

- Level Structure in Export table must mirror the level structure of the image folders on the production media.  Each folder/level should not exceed 5000 files.
- Attachment information stored in host reference field of Export table.
- Pages table containing a record for each single page tiff image.

      (b)      Rubbermaid prefers a Concordance load file format (.dat) using Concordance standard delimiters and Concordance image load file format (.opt).

      D.      <u>Metadata</u>:  During the process of converting ESI from the electronic format of the application in which the ESI is normally created, viewed and/or modified to TIFF, metadata values should be extracted and produced in a load file..

To the extent they are reasonably available, and except with respect to documents redacted in whole or in part on grounds of privilege that have metadata, the metadata values that are to be extracted and produced in the load files are:

<u>Metadata from Email</u>:

    Email Subject
    Email Author
    Email Recipient
    Email CC
    Email BCC
    Email Received Date
    Email Received Time
    Email Sent Date
    Email Sent Time

Metadata from Electronic Files:

    File Name
    File Author
    File Created Date
    File Modified Date
    File Extension

Metadata for both Email and Electronic Files:

    Custodian
    Original Path
    MD5 Hash

To the extent reasonably available, the "Custodian" or "Original Path" field with respect to ESI gathered from an individual's hard drive will provide metadata sufficient to identify the custodian from whose hard drive such ESI has been gathered.

Metadata shall not be provided for documents redacted in whole or in part on grounds of privilege.

By agreeing to produce specific categories of metadata that are reasonably available, no party is representing that any particular category of metadata exists or is reasonably available.

For all documents (for example, email) that contain an attachment, to the extent reasonably available, the following fields should be produced as part of the metadata load file to provide the parent/child or parent/sibling relationship. Field names should not exceed nine consecutive characters and there should not be spaces between those characters.

    Production Number Begin
    Production Number End
    Begattach_num
    Endattach_num
    Attachment Name
    Production Doc Page Count
    Confidentiality Designation

The field values to be produced in the load file for paper documents are as follows:
    Production Number Begin

Production Number End
Begattach_num
End_attach num
Custodian
Confidentiality Designation

E.  De-Duplication:  To reduce the cost of review and production, parties may choose to use custodian level de-duplication to remove exact duplicate files from review and production. For non-email electronic files, the identification of duplicate files should be based on MD5 or SHA-1 hash values.  Email duplicates should be identified based on algorithms that utilize at least the following email metadata fields: Date/Time Sent; Subject; From; To; CC; Email body. Family groups – parent and child documents – should not be separately eliminated unless both the parent and child documents are identical to another set of parent and child documents.

F.  Production of Excel, Access, AutoCad, Audio, and Video ESI:  Unless such materials contain privileged information, MS-Excel spreadsheets, MS-Access databases, AutoCad, audio, and video ESI shall be produced in native format.  To the extent reasonably available, the metadata load file shall contain a link to the produced native file via data values called "Native Link."  To the extent reasonably available, the Native Link values should contain the full directory path and file name of the native file as contained in the produced media.

G.  Native File Production: Native files should be accompanied by a .TIFF placeholder and a metadata file containing the name of the original file and MD5 hash value for each produced file.  Native files shall be named to match the endorsed bates number on the corresponding tiff image placeholder page.  To the extent such material contain information subject to a claim of privilege, they shall be produced in the form of a redacted .TIFF image.

H.  Processing/Production of Presentations (MS PowerPoint):  Production images for presentations (PowerPoint) shall contain both the presentation slides and presentation notes.

7

I. <u>Processing/Production of Documents (MS Word):</u> When converting documents (Word) to image format, the document shall be "printed" (converted to image format) to include track changes if the Track Changes feature has been enabled for the document.

J. <u>Handling of System Files with No Evidentiary Value:</u> The parties shall undertake reasonable efforts to remove non-responsive system files from the ESI collection, including filtering the ESI collection against the National Software Reference Library (NSRL) National Institute of Technology (NIST) file listing prior to production.

II. **<u>Document Review and Privilege</u>**

A. All documents will be evaluated for responsiveness and/or relevance prior to production.

B. Redacted Documents: Where only a portion of a responsive document is deemed to be privileged, that document shall be produced in image format with the responsive portion of that document electronically redacted. The redaction label shall be clearly marked with label text identifying it as such. The searchable text files for redacted documents should consist of an OCR of the redacted production image.

C. Privilege Review: Each party will review all documents, including ESI, for privileged information prior to production. The parties agree that activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B). Documents withheld, or redactions of documents produced on privilege grounds will be identified in a privilege log.

The parties are to confer on the nature and scope of privilege logs for the case, including whether categories of information may be excluded from any logging requirements and whether alternatives to document-by-document logs can be exchanged. With respect to information

generated after the filing of the complaint, parties are not required to include any such information in privilege logs.

## III.   Production Delivery

Each electronic production shall be delivered on a single media.  Depending on production size, productions may be produced and delivered on CD, DVD or portable hard drive with appropriate security keys and/or encryption.

## IV.   Modification of the ESI Order

The parties may agree to modify the ESI Order.  Absent agreement by the parties, the ESI Order may be modified for good cause by the Court.  The parties agree to meet and confer and to make a good faith effort to resolve any disputes regarding any proposed modification to the ESI Order before seeking relief from the Court.

**SO ORDERED**.

Signed: February 8, 2013

David S. Cayer
United States Magistrate Judge

Agreed:

Dated:  February 7, 2013                                              Respectfully submitted,

RUBBERMAID INCORPORATED d/b/a                    ERGOTRON, INC.
RUBBERMAID MEDICAL SOLUTIONS

By Counsel                                                                  By Counsel

*/s/ Derek H. Swanson*                                                /*s/ Kurt John Niederluecke*
David E. Finkelson (admitted *pro hac vice*)         Kurt John Niederluecke  (admitted *pro hac vice*)
Derek H. Swanson (admitted *pro hac vice*)         Grant D. Fairbairn (admitted *pro hac vice*)
MCGUIREWOODS LLP                                           Laura L. Myers (admitted *pro hac vice*)
One James Center                                                 Fredrikson & Bryon, P.A.
901 East Cary Street                                              200 South Sixth St.
Richmond, VA 23219                                             Suite 4000
Tel: 804.775.1081                                                   Minneapolis, MN 55402
Fax: 804.698.2258                                                  Tel: 612-492-7000
*dfinkelson@mcguirewoods.com*                         Fax: 612-492-7700
*dswanson@mcguirewoods.com*                        kniederluecke@fredlaw.com
                                                                                gfairbairn@fredlaw.com
Robert A. Muckenfuss (N.C. Bar No. 28218)       lmyers@fredlaw.com
R. Matthew Pearson (N.C. Bar No. 35494)
MCGUIREWOODS LLP                                           Lawrence C. Moore , III
201 North Tryon St.                                               Nathan C. Chase, Jr.
Charlotte, NC  28202                                            Robinson, Bradshaw & Hinson, P. A.
Tel:     704.343.2090                                              101 N. Tryon St.
Fax:    704.373.8935                                             Suite 190
rmuckenfuss@mcguirewoods.com                      Charlotte, NC 28246
mpearson@mcguirewoods.com                           Tel: 704.377.8303
                                                                               Fax: 704.373.3903
                                                                               lmoore@rbh.com
*Counsel for Plaintiff Rubbermaid Incorporated*   nchase@rbh.com
*d/b/a Rubbermaid Medical Solutions*
                                                                               *Counsel for Defendant Ergotron, Inc.*